

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

_____
**United States Bankruptcy Judge**

**Signed January 17, 2013**

___

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CHAPTER 13 |
| DAVID NOYOLA, | § | |
| DEBTOR. | § | |
| | § | CASE NO. 12-46720-DML-13 |
| AND | § | |
| | § | |
| RACHEL MARIE SEETON, | § | |
| JOINT DEBTOR | § | |

### MEMORANDUM ORDER

Before the court is the *Order to Show Cause Why (1) Case Should Not Be Dismissed With Prejudice to Refiling for Two Years, and (2) Why Counsel Should Not Be Sanctioned for Failure to Comply With Prior Court Order* (the "Second Show Cause Order," at docket no. 11)[1] in the Case.[2]

---

[1] The phrase "docket no." will refer to the corresponding docket entry in the above-captioned bankruptcy case (the "Case") unless otherwise indicated.

1

On August 10, 2011, David Noyola ("Debtor") filed a chapter 13 bankruptcy case (the "Prior Case," at Case No. 11-44553).  On October 2, 2012, the court entered its *Order to Show Cause Why Case Should Not Be Dismissed With Prejudice* (the "First Show Cause Order," at Prior Case, docket no. 49) for Debtor's failure to appear at the 341 meeting of the creditors.[3]  Debtor failed to respond to the First Show Cause Order.  As a result, on October 25, 2012, the court entered its *Order of Dismissal for Failure to Attend Continued[4] Meeting of Creditors* (the "Dismissal Order," at Prior Case, docket no. 52) dismissing the Prior Case with prejudice to refiling for 180 days.  Consequently, Debtor was barred from refiling for bankruptcy until April 23, 2013.

In violation of the Dismissal Order, Debtor filed the Case on December 6, 2012 with the assistance of Christopher Marvin Lee of Lee Law Firm, PLLC ("Lee") as counsel.  *See* docket no. 1.  The court therefore issued the Second Show Cause Order, which required Lee to appear before the court on January 10, 2013 (the "Hearing")[5] to show cause why Lee should not be sanctioned for filing the Case in violation of the Dismissal Order.  Lee duly appeared at the Hearing, at which time Lee advised the court that, to his knowledge, his firm had never before violated a prejudicial dismissal order, and explained that his firm's intake system has subsequently been redesigned to prevent any such violations from occurring again in the future.  The court, having no reason to dispute Lee's version of events, will discharge the Second Show

---

[2] This memorandum order will only address the sanctions portion of the Second Show Cause Order.  A separate order will issue dismissing Debtor from the Case.

[3] *See* 11 U.S.C. § 341.

[4] Debtor's initial 341 meeting was continued because of Debtor's failure to appear.

[5] The Hearing was originally set for January 2, 2013, but was reset for January 10.

2

Cause Order without sanctioning Lee partly based on that representation and partly because it has not previously levied sanctions on any counsel for filing a case in violation of a bar on filing.

However, it is not uncommon that attorneys file bankruptcy petitions on behalf of clients during the period in which the client, having had a previous case dismissed, has been barred from refiling.  The court has generally been reluctant to sanction counsel for such violations, but as electronic databases of bankruptcy cases and dockets become more affordable, user-friendly, and widely available, little reason for that reluctance exists.  It is now quite easy to investigate whether a client has previously filed bankruptcy, and if so, whether that client's bankruptcy case has been dismissed with prejudice.

Federal Rule of Bankruptcy Procedure[6] 9011(b), which applies to debtor's counsel[7] and "by its specific terms applies to bankruptcy petitions,"[8] requires counsel to conduct "an inquiry reasonable under the circumstances" before filing a bankruptcy petition on a client's behalf.[9]

---

[6] Hereinafter "Rule."

[7] *In re Kelley*, 255 B.R. 783, 786 (Bankr. N.D. Ala. 2000).  *See also In re Cedar Falls Hotel Props. Ltd. P'ship*, 102 B.R. 1009, 1014 (Bankr. N.D. Iowa 1989).

[8] *In re Rose*, 422 B.R. 896, 902 (Bankr. S.D. Ohio 2010) (quoting *In re Koliba*, 338 B.R. 39, 45 (Bankr. N.D. Ohio 2006)).  *Accord Cedar Falls*, 102 B.R. at 1014.

[9] Rule 9011(b) reads in its entirety as follows:
> By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

Counsel therefore has a duty to make this preliminary investigation. Thus, although the court will not sanction Lee for failing to conduct a sufficient investigation in the case at bar, henceforth, when an attorney violates a prejudicial dismissal order, that attorney will bear the burden of showing why he or she should not be sanctioned under Rule 9011(c) for his or her failure to investigate his or her client's prior filings.

It is therefore **ORDERED** that the Second Show Cause Order be **DISCHARGED** without sanctioning Lee.

---

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.